JUDGE FRANK MONTALVO

RECEIVED
JUL 15 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
JUL 17 2020
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY CLERK

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| PETITIONER, § | |
| § | |
| v. § | |
| § | |
| FOUR (4) ASSORTED FIREARMS, § | CIVIL ACTION NO. |
| ASSORTED AMMUNITION, and $7,100.00, § | |
| MORE OR LESS, IN UNITED STATES § | **EP20CV0208** |
| CURRENCY, § | |
| § | |
| RESPONDENTS. § | |

## VERIFIED COMPLAINT FOR FORFEITURE

Comes now Petitioner United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, pursuant to Rule G, Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and respectfully states as follows:

## I.
## NATURE OF THIS ACTION

This action is brought by the United States of America seeking forfeiture to the United States of the properties described below:

1. Bushmaster Firearms XM15-E2S, .223 caliber rifle, serial number L26895;
2. Sun City Machinery Co. Ltd Stevens 320, 12 gauge shotgun, serial number 141477C;
3. Marlin Firearms Co., 795 .22 caliber rifle, serial number MM59399K;
4. Heritage Mfg. Inc. Rough Rider Revolver .22 caliber, serial number E4066;
5. Fifty-Six (56) rounds of unknown caliber ammunition;
10. Two (2) rounds of .45 caliber Winchester-Western Ammunition;
11. Eighteen (18) rounds of .45 caliber Hornady ammunition;
12. Twenty-Nine (29) rounds of .223 caliber Federal ammunition;
13. Nine (9) rounds of 12 gauge caliber ammunition;
14. Three Hundred Six (306) Rounds of unknown caliber ammunition;

6. Eighty-Seven (87) rounds of .45 caliber ammunition;
7. One Hundred Fifty-One (151) rounds of unknown caliber ammunition;
8. Two Hundred Seventy-Four (247) rounds of 9mm caliber ammunition;
9. Thirty (30) rounds of 5.7 caliber FN (FNH) ammunition;
15. Two Hundred Ten (210) rounds of unknown caliber ammunition;
16. Five Hundred Eighty-Four (584) rounds of unknown caliber ammunition; and
17. $7,100.00, more or less, in United States Currency,

hereinafter referred to as the "Respondent Properties."

## II.
## JURISDICTION AND VENUE

The Court has original jurisdiction of all civil actions, suits or proceedings commenced by the United States under Title 28 U.S.C. § 1345 and over an action for forfeiture under Title 28 U.S.C. § 1355(a). This Court has *in rem* jurisdiction over the Four (4) Assorted Firearms and Assorted Ammunition, hereinafter referred to as the "Respondent Properties," under Title 28 U.S.C. §§ 1355(b) and 1395(a). Venue is proper in this district pursuant to Title 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district.

## III.
## STATUTORY BASIS FOR FORFEITURE

This is a civil forfeiture action *in rem* brought against the Respondent Properties for the violations of Title 18 U.S.C. § 922(g)(3), (a)(6), (a)(1)(A), 924(c), and Title 21 U.S.C. § 841, and are subject to forfeiture to the United States of America pursuant to Title 18 U.S.C. § 924(d) and Title 21 U.S.C. § 881(a)(6), which state:

**Title 18 U.S.C. § 924. Penalties**
**(d)** Any firearm or ammunition involved in or used in knowing violation of subsection. . . (g) . . . of section 922. . .shall be subject to seizure and forfeiture . . . under the provisions of this chapter . . . .

**Title 21 U.S.C. § 881(a)(6). Forfeitures**
**(a) Subject property**
The following shall be subject to forfeiture to the United States and no property right shall exist in them:
\*\*\*

2

(6) All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## IV.
## FACTS IN SUPPORT OF VIOLATIONS

See Appendix "A" for facts under seal.

## V.
## PRAYER

WHEREFORE, Petitioner, United States of America, prays that due process issue to enforce the forfeiture of the Respondent Properties, that due notice, pursuant to Rule G(4), be given to all interested parties to appear and show cause why forfeiture should not be decreed,[1] that a warrant for an arrest in rem be ordered, that the Respondent Properties be forfeited to the United States of America, that the Respondent Properties be disposed of in accordance with the law, and for any such further relief as this Honorable Court deems just and proper.

Respectfully submitted,

JOHN F. BASH
United States Attorney

By: _____
Kristal M. Wade
Assistant United States Attorney
New Mexico Bar No.: 8204
700 E. San Antonio Ave., Suite 200
El Paso, Texas 79901
Tel: (915)-534-6884
Fax: (915)-534-3461
Email: kristal.wade@usdoj.gov

---

[1] Appendix B, Notice of Complaint of Forfeiture, which is being filed along with this complaint, will be sent to those known to the United States to have an interest in the Respondent Properties.

## **VERIFICATION**

Special Agent Michael Kushner, declares and say

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, assigned to the El Paso Field Office, and I am the investigator responsible for the accuracy of the information provided in this litigation;

I have read the above Verified Complaint for Forfeiture and know the contents thereof based upon my personal participation in the investigation, my conversations with other, and my review of documents and other evidence. Based upon information and belief, the allegations contained in the Verified Complaint for Forfeiture are true and correct. Because the Verified Complaint is being submitted for the limited purpose of stating sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial, it does not contain every fact known by me or the United States. Where the actions, conversations, and statements of others are related therein, they are related in substance and in part, unless otherwise stated.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on this __15 th__ day of July, 2020.

_____
Special Agent Michael Kushner
Bureau of Alcohol, Tobacco, Firearms and Explosives